UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COSME EDUARDO GIL,<br><br>        Plaintiff,<br><br>   v.<br><br>OFFICE OF THE DISTRICT ATTORNEY, SAN JOAQUIN COUNTY, et al.,<br><br>        Defendants. | No.  2:13-cv-2609 KJN P<br><br><br>ORDER |

Introduction

      Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff consented to proceed before the undersigned for all purposes.  See 28 U.S.C. § 636(c).

      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff's Complaint

      Plaintiff names as defendants the prosecutor at plaintiff's 2008 criminal trial, as well as the Office of the District Attorney of San Joaquin County.  Plaintiff contends that he was the subject of racial discrimination during jury selection in his 2008 trial because the prosecution

1

used peremptory challenges to remove every Hispanic from the jury, including the dismissal of yet another Hispanic juror as an alternate juror later in the proceedings. Plaintiff appealed the conviction, and the California Court of Appeal for the Third Appellate District reversed the judgment and remanded the case based on a finding that the plaintiff had made a prima facie showing of purposeful racial discrimination. On remand, the trial court held a hearing and required the prosecutor to explain the reasons behind the peremptory challenges of two prospective Hispanic jurors. After the hearing, the trial court accepted the prosecutor's reasons, and found the challenges were not used in a discriminatory or racially biased manner. Plaintiff filed a second appeal, and the Court of Appeal reversed the conviction and again remanded the case, finding that the trial court failed to make a sincere and reasoned effort to evaluate each of the prosecutor's reasons. Thereafter, the trial judge recused himself, and on October 7, 2013, the newly-assigned trial judge ordered a new trial for plaintiff.

Plaintiff contends that the order for new trial demonstrates that he was subject to racial discrimination and seeks monetary damages therefor.

Legal Standards

Prosecutors are absolutely immune from civil suits for damages under § 1983 which challenge activities related to the initiation and presentation of criminal prosecutions. Imbler v. Pachtman, 424 U.S. 409 (1976). Determining whether a prosecutor's actions are immunized requires a functional analysis. The classification of the challenged acts, not the motivation underlying them, determines whether absolute immunity applies. Ashelman v. Pope, 793 F.2d 1072 (9th Cir. 1986) (*en banc*). The prosecutor's quasi-judicial functions, rather than administrative or investigative functions, are absolutely immune. "If the action was part of the judicial process, the prosecutor is entitled to the protection of absolute immunity whether or not he or she violated the civil plaintiff's constitutional rights." Broam v. Bogan, 320 F.3d 1023 (9th Cir. 2003) (citations omitted). Thus, even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony, and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity. See Stevens v. Rifkin, 608 F.Supp. 710, 728 (N.D. Cal. 1984).

Analysis

A prosecutor is entitled to absolute immunity when performing the traditional prosecutorial functions as the state's advocate.  Thus, plaintiff's allegations regarding the prosecution's actions during jury selection fail to state a cognizable claim under § 1915A(b) and § 1983.  Roberson v. Kennedy, 1998 WL 209446 (N.D. Cal. 1998).

Plaintiff contends that the prosecutor is not immune from suit because he "stepped out of his role as an advocate and prosecutor when he used purposeful racial discrimination to secure a conviction." (ECF No. 1 at 38.)  Plaintiff relies on Kalina v. Fletcher, 522 U.S. 118 (1997).  However, in Kalina, the court found that the prosecutor is only entitled to qualified immunity when acting as a complaining witness by presenting a judge with an affidavit of probable cause in support of a warrant.  Id.  Here, the prosecutor was acting as an advocate for the state when performing the traditional function of jury selection.  Because the court looks at the classification of the act performed, not the motivation behind it, defendants are entitled to absolute immunity.[1]

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted; and

2. Plaintiff's complaint is dismissed for failure to state a claim.

Dated: January 10, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/gil2609.dsm

---

[1] Plaintiff's claim that the record shows that he suffered racial discrimination during voir dire at his first trial is belied by the documents appended to his complaint.  Although the Court of Appeal found plaintiff made a prima facie showing of purposeful racial discrimination, the court did not find that the prosecutor exercised his peremptory challenges in an impermissible manner. Rather, both times the Court of Appeal remanded the case to the trial court to determine whether the challenges were exercised in an impermissible manner.  (ECF No. 1 at 49-50; 85-86.) Importantly, in both remand orders, the Court of Appeal stated that "[i]f the [trial] court finds that, due to the passage of time or any other reason, it cannot adequately address the issues at this stage or make a reliable determination, or if it determines that the prosecutor exercised his peremptory challenge improperly, it is ordered to set the case for a new trial. [¶] If it finds the prosecutor exercised his peremptory challenges in a permissible fashion, it is ordered to reinstate the judgment." (ECF No. 1 at 49, 86.)  Although the newly-assigned trial judge "declared the need for a new trial" (ECF No. 1 at 15), the record does not indicate that the new trial was granted based on the prosecution's peremptory challenges rather than the passage of time, the trial court's inability to make a reliable determination concerning the peremptory challenges, or some other reason.  But even assuming that the trial court found that the challenges were made in an impermissible manner, plaintiff was granted relief in the form of a new trial.