UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COSME EDUARDO GIL,<br><br>                 Plaintiff,<br><br>           v.<br><br>OFFICE OF THE DISTRICT ATTORNEY, SAN JOAQUIN COUNTY, et al.,<br><br>                 Defendants. | No.  2:13-cv-2609 KJN P<br><br>ORDER |

      Plaintiff is a state prisoner proceeding pro se with a civil rights complaint.  Plaintiff consented to the jurisdiction of the undersigned.  (ECF No. 4.)  On January 10, 2014, the undersigned issued an order dismissing the case.  On February 13, 2014, plaintiff filed a request for reconsideration of that order.  Plaintiff now moves for reconsideration of the undersigned's dismissal order by a district judge.

      A United States Magistrate Judge may obtain jurisdiction by consent of the parties.  See 28 U.S.C. § 636.  On December 23, 2013, plaintiff indicated that he consented to have the undersigned issue all dispositive rulings in this case pursuant to 28 U.S.C. § 636(c).  That subsection provides that the magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment. . . ."  Id.  In such cases, the magistrate judge sits as the district judge, and therefore rules on all matters in the case.

1

It now appears that plaintiff mistakenly believes that despite his consent to magistrate judge jurisdiction, he has recourse by way of a motion for reconsideration before a district judge. However, when a party has consented to proceed before a magistrate judge, as plaintiff did, that party should file a motion for reconsideration with the magistrate judge who issued the order. Therefore, plaintiff is not entitled to reconsideration by a district judge and his request is denied. The undersigned will construe plaintiff's motion to request reconsideration by the undersigned of the January 10, 2014 order dismissing the petition with leave to amend.

Rule 60(b)(6) of the Federal Rules of Civil Procedure allows the court to relieve a party from an order for any reason that justifies relief. However, Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(j)(3) requires plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Id.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation. . ." of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal.2001).

Here, the basis for plaintiff's motion for reconsideration is his disagreement with the court's decision and application of the law to his complaint. Plaintiff has not shown clear error or other meritorious grounds for relief, and has therefore not met his burden as the party moving for

////

reconsideration. Marlyn Nutraceuticals, Inc., 571 F.3d at 880. Plaintiff's disagreement is not sufficient grounds for relief from the order. Westlands Water Dist., 134 F.Supp.2d at 1131.

Accordingly, IT IS HEREBY ORDERED that plaintiff's February 13, 2014 request for reconsideration (ECF No. 7) is denied.

Dated: February 24, 2014

/gil2609.850

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE